UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

D'NIQUE R. STUBBS,

                              Plaintiff,

      -v.-                                                    6:06-CV-1232
                                                                         (LEK)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

## **DECISION AND ORDER**

      Plaintiff commenced this action seeking judicial review of a decision by the Commissioner of Social Security denying supplemental security income ("SSI") benefits. Plaintiff requests that this Court reverse the decision and remand to the Administrative Law Judge to further develop the record. The Commissioner seeks to affirm the decision. This Court has jurisdiction to review an unfavorable decision of the Commissioner under 42 U.S.C. § 405(g). This Court finds that the Administrative Law Judge's decision is supported by substantial evidence and denies Plaintiff's request to remand the case for further consideration.

                                                I.  Background

                                                A.  Procedural History

     Plaintiff filed for SSI benefits on January 21, 2004, alleging disability due to back injuries, diffuse pain throughout her body, fibromyalgia, chronic headaches, and affective disorder. (Tr. at 82).[1] This application was denied, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 25-28, 31-32). A hearing was held on September 20, 2005, and on October 26, 2005, the ALJ issued a decision which found Plaintiff not disabled. (Tr. at 12-22, 262-94). This

---

       [1] "Tr." refers to the administrative transcript in this case. (Dkt. No. 5).

decision became the final decision of the Commissioner when the Appeals Council denied review on May 27, 2006. (Tr. at 5-7). This action followed.

### B. Contentions

Plaintiff contends that the Commissioner's decision is not supported by substantial evidence. She claims the ALJ erroneously (1) disregarded the opinion of Plaintiff's treating physicians; and (2) failed to properly evaluate Plaintiff's credibility. (Pl.'s Br., Dkt. No. 8, at 7-22). The Commissioner counters that substantial evidence supports the ALJ's decision. (Def.'s Br., Dkt. No. 10, at 5-13).

### C. Facts

The evidence in this case is undisputed and the court adopts the parties' factual recitations. (Pl.'s Br. at 3-7; Def.'s Br. at 3).

## II. Analysis

### A. Standards and Scope of Review

When reviewing the Commissioner's final decision under 42 U.S.C. 405(g),[2] the court "must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." Butts v. Barnhart, 388 F.3d 377, 384 (2d Cir. 2004) (citation omitted). It does not determine *de novo* whether a claimant is disabled. See Curry v. Apfel, 209 F.3d 117, 122 (2d Cir. 2000) (citation omitted). Although the Commissioner is ultimately responsible for

---

[2]The Section 405(g) standard of review in disability insurance proceedings under Title II of the Social Security Act also applies to supplemental security income proceedings under Title XVI of the Act. See 42 U.S.C. § 1383(c)(3). Similarly, the analysis of supplemental income claims under Title XVI parallels, in relevant part, the statutory and regulatory framework applicable to disability claims under Title II. See Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003).

determining a claimant's eligibility, the actual disability determination is made by an ALJ, and that decision is subject to judicial review on appeal. A court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if it appears to be supported by substantial evidence. See Pollard v. Halter, 377 F.3d 183, 188-89 (2d Cir. 2004) (citation omitted); Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987). "Failure to apply the correct legal standards is grounds for reversal." Pollard, 377 F.3d at 189 (internal quotation marks and citation omitted).

A court's factual review of the Commissioner's decision is limited to the determination of whether substantial evidence in the record supports the decision. *See* 42 U.S.C. § 405(g); see also Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)) (internal quotation marks omitted). It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). An ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. See Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams, 859 F.2d at 258 (citations omitted). However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. See 42 U.S.C. § 405(g); Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

The court has the authority to affirm, reverse, or modify a final decision of the Commissioner with or without remand. 42 U.S.C. § 405(g); Butts, 388 F.3d at 385. Remand is warranted where there are gaps in the record and further development of the evidence is needed, or where the ALJ has applied an improper legal standard. See Butts, 388 F.3d at 385; Rosa v. Callahan, 168 F.3d 72, 82-83 (2d Cir. 1999); Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980). Remand is particularly appropriate where further findings or explanation will clarify the rationale for the ALJ's decision. Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996) (citation omitted). By contrast, reversal and remand solely for calculation of benefits is appropriate when there is "persuasive proof of disability" and further development of the record would not serve any purpose. Rosa, 168 F.3d at 83; Parker, 626 F.2d at 235; Carroll v. Sec'y of Health & Human Servs., 705 F.2d 638, 644 (2d Cir. 1983) (reversal without remand for additional evidence particularly appropriate where payment of benefits already delayed for four years and remand would likely result in further lengthening the "painfully slow process" of determining disability). However, absent sufficient evidence of disability, delay alone is not a valid basis for remand solely for calculation of benefits. See Bush v. Shalala, 94 F.3d 40, 46 (2d Cir. 1996) (citation omitted).

### B.  Five-Step Disability Determination

A plaintiff seeking Social Security Disability Insurance (SSDI) or SSI benefits is disabled if she can establish that she is unable "to engage in *any* substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months ...."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)[3] (emphasis added).

---

[3] In addition, a claimant's physical or mental impairment or impairments [must be] of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age,

4

The Commissioner uses a five-step process to evaluate SSDI and SSI claims. See 20 C.F.R. §§ 404.1520, 416.920. Step One requires the ALJ to determine whether the claimant is presently engaging in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, she is not considered disabled. However, if she is not engaged in SGA, Step Two requires that the ALJ determine whether the claimant has a severe impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant is found to suffer from a severe impairment, Step Three requires that the ALJ determine whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, §§ 404.1520(d), 416.920(d). The claimant is presumptively disabled if the impairment meets or equals a listed impairment. See Ferraris, 728 F.2d at 584. If the claimant is not presumptively disabled, Step Four requires the ALJ to consider whether the claimant's residual functional capacity (RFC) precludes the performance of her past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). At Step Five, the ALJ determines whether the claimant can do any other work. 20 C.F.R. §§ 404.1520(g), 416.920(g).

The claimant has the burden of showing that she cannot perform past relevant work. Ferraris, 728 F.2d at 584. However, once she has met that burden, the ALJ can deny benefits only by showing, with specific reference to medical evidence, that she can perform some less demanding work. See White v. Sec'y of Health & Human Servs., 910 F.2d 64, 65 (2d Cir. 1990); Ferraris, 728 F.2d at 584. In making this showing, the ALJ must consider the claimant's RFC, age, education, past work experience, and transferability of skills, to determine if she can perform other work

---

education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [s]he lives, or whether a specific job vacancy exists for h[er], or whether [s]he would be hired if [s]he applied for work. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Therefore, a plaintiff must not only carry a medically determinable impairment but an impairment so severe as to prevent her from engaging in any kind of substantial gainful work which exists in the national economy.

5

existing in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g); see New York v. Sullivan, 906 F.2d 910, 913 (2d Cir. 1990).

In this case, the ALJ found that Plaintiff satisfied Step One because she had not worked since August 26, 2003 (Tr. at 17). In Step Two, the ALJ determined that Plaintiff suffered from the following severe impairments: fibromyalgia, depression, anxiety, and headaches. Id. In Step Three, the ALJ determined that Plaintiff's impairments failed to meet or equal a combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4 (the "Listings"). (Tr. at 18). In Step Four, the ALJ determined that Plaintiff retained the RFC for light work[4] with the following restrictions: no climbing of ropes, ladders, or scaffolds; only occasional stooping; no work around dangerous machinery or unprotected heights; and moderate difficulties in social functioning and in concentration, persistence or pace resulting in limitations in performing simple, routine unskilled tasks involving more than minimal contact with the public, coworkers, or supervisors. (Tr. at 18-19). Based on vocational expert testimony which he deemed consistent with the Dictionary of Occupational Titles, the ALJ determined that Plaintiff was unable to return to her past relevant work, but that – at Step Five – she could perform other work existing in significant numbers in the national economy. (Tr. at 20-22).

### C. Treating Physician Rule

---

[4] To find a residual functional capacity for light work, the Commissioner must find that a individual is able to lift no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 404.1567(b). Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. *Id.* To be considered capable of performing a full or wide range of light work, a claimant must have the ability to do substantially all of these activities. Id. If someone can do light work, they are presumed able to do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. Id.

Plaintiff argues that the ALJ failed to properly weigh the opinion of her treating physician, Dr. Shatla. (Pl.'s Br. at 7-16). Generally, the opinion of a treating physician is given controlling weight if it is based upon well-supported, medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); see Schaal v. Apfel, 134 F.3d 496 (2d Cir. 1998). An ALJ may not arbitrarily substitute his own judgment for a competent medical opinion. Rosa, 168 F.3d at 79. Thus, if the treating physician's opinion is not given controlling weight, the ALJ must assess several factors to determine how much weight to afford the opinion: the length of the treatment relationship, the frequency of examination by the treating physician for the condition(s) in question, the medical evidence supporting the opinion, the consistency of the opinion with the record as a whole, the qualifications of the treating physician, and other factors tending to support or contradict the opinion. 20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6).

Moreover, the "ultimate finding of whether a claimant is disabled and cannot work [is] 'reserved to the Commissioner.'" Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999) (citation omitted); see 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1). "That means that the Social Security Administration considers the data that physicians provide but draws its own conclusions." Snell, 177 F.3d at 133. Thus, a treating physician's disability assessment is not determinative. Id. Where the evidence of record includes medical source opinions that are inconsistent with other evidence or are internally inconsistent, the ALJ must weigh all of the evidence and make a disability determination based on the totality of that evidence. See 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Plaintiff specifically points to two reports from Dr. Shatla which appear in the record. In the

7

first, dated January 2, 2004,[5] Dr. Shatla checked boxes indicating that Plaintiff was "moderately limited" in walking, sitting, and using her hands, and "very limited" in standing, lifting, carrying, pushing, pulling, bending, and climbing. (Tr. at 161). Dr. Shatla opined that Plaintiff "[could] not work for [one] year" and also checked a box indicating that Plaintiff's restrictions were expected to last longer than 180 days. (Tr. at 162). In the second statement, a "Headaches Residual Functional Capacity Questionnaire" dated April 29, 2005, Dr. Shatla opined that Plaintiff's headaches would result in a need to "sometimes" lie down on a work shift. (Tr. at 198-201). Dr. Shatla stated that it was "hard to determine" how often Plaintiff would be absent from work as a result of her migraines, and gave her a "fair" prognosis. (Tr. at 200).

The ALJ considered both of these opinions, and accorded both less than controlling weight. (Tr. at 19-20). As to the January 2, 2004 opinion, the Court agrees that this opinion was non-specific; Dr. Shatla indicated that Plaintiff was "moderately" to "very" limited in various functional areas, but gave no details as to the extent of these limitations. Dr. Shatla's opinion on the "Headaches" questionnaire was also relatively nonspecific; it did not specify the intensity, frequency, or duration of Plaintiff's headaches, and failed to give a detailed description of the limitations that would be imposed as a result. Moreover, objective medical evidence does not support an opinion of severe and debilitating restrictions as Plaintiff argues. On physical examination, although Plaintiff did report multiple points of tenderness to palpation, Plaintiff consistently showed normal motor function, steady gait, and full ranges of motion. (Tr. at 164-65, 176, 193-95). Additionally, an MRI dated April 6, 2005 indicated only mild scoliosis and disc

---

[5] This form is actually dated January 2, 2003; however, the ALJ noted that "apparently Dr. Shatla meant January 2, 2004." (Tr. at 19). It is unclear why the ALJ made this determination, but as both parties have referred to the statement by the later date, the Court will treat the statement as having been given on January 2, 2004.

8

bulging at L3-4 and L4-5 with no frank disc herniation. (Tr. at 185). Dr. Shatla also noted that nerve conduction and EMG studies were normal, and Plaintiff showed evidence of radiculopathy, plexopathy, neuropathy, or carpal tunnel syndrome. (Tr. at 173).

The ALJ also gave little weight to the opinion of Betsey Liljeberg, a nurse practitioner who treated Plaintiff for psychiatric problems. (Tr. at 20). Ms. Liljeberg found Plaintiff to have marked limitations in interacting appropriately with the public and supervisors and responding appropriately to work pressures, and moderate difficulties interacting with coworkers and responding appropriately to changes in routine in a work setting. (Tr. at 204). The ALJ noted that Ms. Liljeberg was not an acceptable medical source and determined that her opinion was inconsistent with the medical record as a whole. Ms. Liljeberg is a nurse practitioner and the ALJ correctly stated that she is not an acceptable medical source. 20 C.F.R. § 416.913(a). As such, Ms. Liljeberg's opinion is not subject to the treating physician rule and is not entitled to any particular weight. Zervas v. Barnhart, 2007 WL 1229312, *4 (E.D.N.Y. 2007). Moreover, there is substantial evidence in the record to support the ALJ's conclusion that Ms. Liljeberg's opinion of Plaintiff's low functioning was inconsistent with the record as a whole. On mental status examination, although Plaintiff's mood varied from being depressed to angry to happy, she was found to be cooperative and oriented to time, place and person; her thought processes were coherent and goal-directed; she suffered from no perceptual disturbances; judgment and insight were good; and she was a good historian and demonstrated good recall, but had some difficulty with remote and recent memory. (Tr. at 250). Given the relative lack of evidence in the record which would indicate that Plaintiff's psychiatric problems impose more severe functional restrictions than those incorporated into the ALJ's RFC finding, the ALJ's decision to afford Ms. Liljeberg's opinion less than controlling weight is supported by substantial evidence.

For the reasons stated above, the Court finds that the ALJ's decision not to give controlling weight Dr. Shatla's and Ms. Liljeberg's opinions was both properly explained and supported by substantial evidence.

### B.  Credibility

Plaintiff argues that the ALJ failed to properly credit her subjective complaints of pain. (Pl.'s Br. at 19-22). The court recognizes the inherent difficulty in evaluating a claimant's credibility without actual physical contact.  The ALJ is entitled to evaluate a claimant's credibility and reach an independent judgment regarding subjective symptoms in light of the objective medical evidence and other evidence regarding the true extent of the alleged symptoms.  See Mimms, 750 F.2d at 185.  This makes the review of an ALJ's credibility assessment particularly onerous and frequently results in significant deference to the ALJ.

The ALJ must perform a two-step analysis.  See 20 C.F.R. § 404.1529; see also Crouch v. Comm'r, Soc. Sec. Admin., No. 6:01-CV-0899 LEK/GJD, 2003 WL 22145644, at *10 (N.D.N.Y. Sept. 11, 2003) (citation omitted).  First, based upon the objective medical evidence, the ALJ must determine whether the impairments "could reasonably be expected to produce the pain or other symptoms alleged ...." 20 C.F.R. §§ 404.1529(a), 416.929(a); see Crouch, 2003 WL 22145644 at *10.  "Second, if the medical evidence alone establishes the existence of such impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which it limits the claimant's capacity to work." Crouch, 2003 WL 22145644 at *10 (citing 20 C.F.R. §§ 404.1529(c), 416.929(c)).

Where the alleged symptoms suggest that the impairment is greater than demonstrated by objective medical evidence, the ALJ will consider other factors, such as daily activities, the location,

duration, frequency and intensity of symptoms, the type, effectiveness and side effects of medication, and other treatment or measures to relieve those symptoms. See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 96-7p. "The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." SSR 96-7p. Accordingly, "[a]n [ALJ] may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must [do so explicitly and] set forth his or her reasons with sufficient specificity to enable [the courts] to decide whether the determination is supported by substantial evidence." Paratore v. Apfel, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (internal quotation marks, citation omitted); see Brandon v. Bowen, 666 F. Supp. 604, 608 (S.D.N.Y. 1987).

In this case, the ALJ properly followed the two-step analysis laid out above. (Tr. at 19). The ALJ noted the objective medical evidence, which indicated that despite Plaintiff's complaints of debilitating pain, she was repeatedly assessed as being in no acute distress; alert and oriented to time, place and person; motor examinations were normal; strength was normal; gait was steady and she had no problems ambulating. (Tr. at 19, 164-65, 176, 193-95). Moreover, electrodiagnostic testing revealed unremarkable results. (Tr. at 173, 185). The ALJ also noted that Plaintiff was able to dress herself, drive short distances, and take care of her three small children independently. (Tr. at 19, 210).

Based on the foregoing, the Court concludes that the ALJ had ample evidence on which to base his conclusion that Plaintiff's allegations were not fully credible. The ALJ properly articulated his rationale, which is supported by substantial evidence. See SSR 96-7p. Therefore, the ALJ properly evaluated and disregarded Plaintiff's subjective complaints.

III.  Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED,** that the decision denying disability benefits is **AFFIRMED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED**.

DATED:      March 05, 2008
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge